CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 0 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY MATTHEW JACKSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:10cv00097 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NRADC MEDICAL STAFF, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Troy Matthew Jackson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Jackson has also requested to proceed in forma pauperis.

According to court records, Jackson has filed at least three actions in a court of the United States that were dismissed on the grounds that they were frivolous.[1] Therefore, Jackson may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Jackson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This ___ day of March, 2010.

_____
United States District Judge

---

[1] See Jackson v. Burgess, et al., Civil Action No. 2:03cv00514 (E.D. Va. July 28, 2003) (dismissed as frivolous); Jackson v. Sprid, Civil Action No. 7:02cv01235 (W.D. Va. Oct. 7, 2003) (dismissed as frivolous); Jackson v. CFW Adult Regional Detention Center, et al., Civil Action No. 7:03cv00160 (W.D. Va. Oct. 16, 2003) (dismissed as frivolous).

[2] Jackson alleges that he has lost a significant amount of weight while he has been incarcerated; however, he concedes that he has been seen regularly by doctors and medical staff at his institution. He argues that he needs to see a "specialist on the outside" to remedy his problem, but states that the doctor at his institution will not recommend him to such a specialist. The court finds that Jackson's allegations amount to nothing more than a doctor patient disagreement, which does not rise to the level of a constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, the court also finds that Jackson has failed to demonstrate that he is under imminent danger of serious physical harm.